## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| BRENT FRANCIA, : | |
| : | |
| Plaintiff, : | **CIVIL ACTION NO.** |
| : | |
| v. : | **COMPLAINT** |
| : | |
| CONTEXTLOGIC, INC., : | |
| : | |
| Defendant. : | |
| : | |

Plaintiff, Brent Francia, by and through counsel, Garibian Law Offices, P.C., by way of Complaint against defendant, ContextLogic, Inc., avers as follows:

### PARTIES

1. Plaintiff, Brent Francia ("Francia" or "Plaintiff"), is an adult citizen of Canada, who currently resides in California.

2. Defendant, ContextLogic, Inc. ("ContextLogic") is a corporation organized and incorporated pursuant to the laws of the state of Delaware, with its principal place of business in San Francisco, CA.  ContextLogic can be served through its registered agent, Incorporating Services, Ltd., 3500 South DuPont Highway, Dover, DE 19901.

### JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 exclusive of interests and costs and is between citizens of different states.

4. Plaintiff, Francia, is a citizen of Canada and resides in California.

5. Defendant, ContextLogic, is a citizen of Delaware.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) and 1391(b)(1) because ContextLogic is a resident of Delaware.

1

**FACTUAL BACKGROUND**

7. In approximately 2011, Plaintiff and Defendant entered into an Advisory Board Agreement ("Agreement") with ContextLogic, pursuant to which he agreed to attend Advisory Board meetings and to consult with and advise ContextLogic from time to time, on an as needed basis, in exchange for an option to purchase 10,000 shares of stock in ContextLogic as those shares were constituted on September 6, 2011, the date of the Agreement. A true and correct copy of the Agreement is attached hereto as Exhibit "A."

8. Pursuant to the Agreement, Francia provided services to ContextLogic and has provided services at ContextLogic's request.

9. Pursuant to the Agreement, since Francia performed 24 months of continuous service under the Agreement, 10,000 shares subject to the option referenced in the Agreement vested.

10. Despite repeated requests, ContextLogic has refused to deliver the aforementioned option to Francia.

**COUNT I – BREACH OF CONTRACT**

11. Plaintiff re-alleges all of the foregoing paragraphs as it fully set forth herein.

12. ContextLogic had a legally binding contractual duty to deliver the option described in the Agreement.

13. ContextLogic breached its contractual duty to Plaintiff under the Agreement by refusing to deliver the option to purchase 10,000 shares of ContextLogic's common stock.

14. As a direct result of ContextLogic's breach of the Agreement, Francia has suffered damages well in excess of $75,000.00, including but not limited to the appreciation of the shares which Francia was entitled to purchase pursuant to the Agreement.

## COUNT II – CONVERSION

15. Plaintiff re-alleges all of the foregoing paragraphs as it fully set forth herein.

16. ContextLogic has wrongfully withheld the aforementioned option and the 10,000 shares subject to said option, which should have been delivered to Plaintiff pursuant to the Agreement and which belong to Plaintiff.

17. Plaintiff did not consent to ContextLogic's conduct.

18. ContextLogic, without right or permission from Plaintiff, improperly exercised control over and converted for their own use the aforementioned option and the 10,000 shares subject to said option, which should have been delivered to Plaintiff pursuant to the Agreement and which belong to Plaintiff.

19. Plaintiff is entitled to the immediate delivery of the aforementioned option and the 10,000 shares subject to said option, which should have been delivered to Plaintiff pursuant to the Agreement and which belong to Plaintiff.

## COUNT III – PROMISSORY ESTOPPEL

20. Plaintiff re-alleges all of the foregoing paragraphs as it fully set forth herein.

21. As explained herein, ContextLogic made promises to Francia in order to induce him to perform services for ContextLogic pursuant to the Agreement.

22. ContextLogic had no intention of honoring its own obligations under the Agreement at the time the Agreement was executed.

23. In reliance on ContextLogic's promises, Francia performed and continues to be available to perform services as he promised to do under the Agreement.

24. Francia was induced to rely and reasonably relied upon ContextLogic's false promises.

25. As a consequence of Francia's reasonable reliance on ContextLogic's promises, he has been damaged, in an amount including but not limited to the appreciation of the shares which Francia was entitled to purchase pursuant to the Agreement.

### COUNT IV – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

26. Plaintiff re-alleges all of the foregoing paragraphs as it fully set forth herein.

27. ContextLogic owed Francia an implied duty of good faith and fair dealing with regard to its conduct under the Agreement.

28. ContextLogic was bound by its promises under the Agreement.

29. Despite that knowledge, ContextLogic has knowingly and blatantly disregarded its clear obligations to Francia under the Agreement.

30. ContextLogic breached its duty to act in good faith with respect to its contractual duties to Francia under the Agreement.

31. ContextLogic has acted unreasonably and in bad faith and deprived Francia of the benefit of the bargain by refusing to perform its obligations to Francia under the Agreement.

### COUNT V – UNJUST ENRICHMENT

32. Plaintiff re-alleges all of the foregoing paragraphs as it fully set forth herein.

33. Francia conferred a benefit upon ContextLogic by performing the services detailed in the Agreement.

34. ContextLogic has been unjustly enriched to the detriment of Francia, who did not receive the aforementioned option and the 10,000 shares subject to said option.

35. It would be inequitable to allow ContextLogic to enjoy the benefit of Francia's services without delivering the aforementioned option and the 10,000 shares subject to said option.

36. Accordingly, ContextLogic should be required to make payment to Francia to prevent ContextLogic from being unjustly enriched.

## COUNT VI – CONSTRUCTIVE TRUST AND INJUNCTIVE RELIEF

37. Plaintiff re-alleges all of the foregoing paragraphs as it fully set forth herein.

38. ContextLogic has wrongfully retained possession of the aforementioned option and the 10,000 shares subject to said option.

39. ContextLogic has been unjustly enriched at the expense of Francia as a result of ContextLogic's unfair and unconscionable conduct.

40. Francia is the equitable owner of the aforementioned option and the 10,000 shares subject to said option.

41. Francia requests that this Court establish a constructive trust over the aforementioned option and the 10,000 shares subject to said option.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**WHEREFORE**, Plaintiff, Brent Francia, requests that this Court enter judgment awarding the following relief:

i. An award for all damages and losses suffered by Francia as a result of Defendants' conduct, which exceed $75,000.00;

ii. Disgorgement of all monies, profits and gains unjustly realized or that may be realized as a result of Defendant's conduct;

iii. Costs and attorneys' fees in connection with this action;

iv. Establishment of a constructive trust over the shares subject to the option described herein to purchase 10,000 shares in ContextLogic and over 10,000 shares of ContextLogic, pending a resolution of the issues and claims articulated herein;

v. Entry of an injunction, restraining Defendants from selling shares in ContextLogic, pending a resolution of the claims articulated herein;

vi. Such further relief as the Court may deem just and equitable.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff, Brent Francia*