# EXHIBIT A

# ADVISORY BOARD AGREEMENT

Effective September 6th, 2011 Brent Francia ("Advisor") and ContextLogic, Inc., a Delaware corporation ("Company"), agree as follows:

1. <u>Services and Consideration</u>. Advisor agrees to be a member of Company's Advisory Board ("Advisory Board"), to attend Advisory Board meetings and to consult with and advise Company from time to time, at Company's request (the "Services"). As the only consideration due Advisor for Services, Advisor shall receive an option to purchase 10,000 shares of Company's common stock, as currently constituted. The shares subject to such option shall vest as follows: 1/24th of the shares shall vest when the Optionee completes each month of continuous service. Such option and shares shall be: for Advisor's own account and not for further distribution; subject to approval and pricing by Company's Board of Directors; and subject to the terms of Company's 2010 Stock Plan and the applicable form of Stock Option Agreement (to be executed by Advisor).

2. <u>Proprietary Rights</u>. Company shall own, and Advisor hereby assigns to Company, all intellectual property and related rights throughout the world that arise in whole or in part, or in connection with, the Services or any Proprietary Information ("Inventions").

3. <u>Proprietary Information</u>. Advisor agrees that all Inventions and other business, technical and financial information Advisor obtains from or assigns to Company, or learns in connection with the Services, constitute "Proprietary Information." Advisor will hold in confidence and not disclose or, except in performing the Services, use any Proprietary Information. However, Advisor shall not be so obligated with respect to information that (i) is or becomes readily publicly available without restriction through no fault of Advisor, or (ii) that Advisor knew without restriction prior to its disclosure by Company. Upon termination or as otherwise requested by Company, Advisor will promptly return to Company all items and copies containing or embodying Proprietary Information.

4. <u>Termination</u>. Either party may terminate this Agreement at any time, for any reason, by giving the other party 30 days' notice. Sections 2 through 6 of this Agreement and any remedies for breach of this Agreement shall survive any termination or expiration.

5. <u>Relationship of the Parties; No Conflicts</u>. Notwithstanding any provision hereof, for all purposes of this Agreement, each party shall be and act as an independent contractor and not as a partner, joint venturer, agent or employee of the other and shall not bind nor attempt to bind the other to any contract. Advisor represents and warrants that neither this Agreement nor the performance thereof will conflict with or violate any obligation of Advisor or right of any third party.

6. <u>Miscellaneous</u>. This is the entire agreement between the parties with respect to the subject matter hereof and no changes or modifications or waivers to this Agreement shall be effective unless in writing and signed by both parties. This Agreement shall be governed by and construed in accordance with the laws of Delaware without regard to the conflicts of law provisions thereof.

GDSVF&H\1224536.1

In witness whereof, the parties have entered into this Advisory Board Agreement as of the date first written above.

**ADVISOR:**                                **COMPANY:**

_____            By: _____
                                           Name: PIOTR   SZULCZEWSKI
                                           Title: CEO

Address: 66 Rausch St Apt 409              Address: 111 Pine St. Suite 1615
SF, CA, 94103                                       San Francisco, CA 94111